

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-12-2007

# Sekeon v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2681

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Sekeon v. Atty Gen USA" (2007). *2007 Decisions.* Paper 779.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/779

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

―――――

No. 06-2681

―――――

VERNA JAMES SEKEON,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

―――――

Petition for Review of the Order
of the Board of Immigration Appeals
(A96-203-444)
Immigration Judge: Hon. Donald V. Ferlise

―――――

Submitted Under Third Circuit LAR 34.1(a)
July 9, 2007

Before: SLOVITER, HARDIMAN, and ROTH, Circuit Judges

(Filed: July 12, 2007 )

―――――

OPINION

―――――

SLOVITER, Circuit Judge.

Verna James Sekeon petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's denial of his application for withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture ("CAT").[1] For the reasons that follow, we will deny Sekeon's petition for review.

**I.**

Sekeon is a male native and citizen of Indonesia. He entered the United States on September 21, 2001 as a nonimmigrant visitor with authorization to remain until March 20, 2002. On April 19, 2003, he received a notice to appear and was charged with being subject to removal for remaining in the United States beyond his admission period in violation of section 237(a)(1)(B) of the INA. In September 2003, Sekeon filed an application for asylum.[2] On February 22, 2005, Sekeon appeared before the Immigration Judge ("IJ"), asserting that he was entitled to withholding of removal under the INA and relief under the CAT. The IJ denied these applications. Sekeon thereafter timely

---

[1]The BIA affirmed the Immigration Judge's grant of Sekeon's application for voluntary departure.

[2]Sekeon failed to file his application for asylum "within 1 year after the date of [his] arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). Sekeon conceded that his application was not timely filed and the IJ appropriately limited his decision to Sekeon's claims for withholding of removal under the INA and relief under the CAT.

appealed the IJ's decision to the BIA, which summarily affirmed the IJ's decision.[3] We have jurisdiction to review this petition pursuant to 8 U.S.C. § 1252(a)(1).

## II.

This court reviews the BIA's factual finding that an alien has failed to demonstrate eligibility for relief from removal under the "substantial evidence" test. INS v. Elias-Zacarias, 502 U.S. 478, 480 (1992). We will reverse only if no reasonable fact-finder could have failed to find the past persecution necessary to sustain the petitioner's burden. See 8 U.S.C. § 1252(b)(4)(B); Elias-Zacarias, 502 U.S. at 481 n.1 (reversal permitted only where the record evidence "compels" a reasonable factfinder to reach a contrary determination).

## III.

Sekeon contends that the IJ's conclusion that he did not suffer past persecution and has no well-founded fear of future prosecution was not supported by substantial evidence on the record as a whole. Sekeon testified that as a child in Indonesia, Muslims would spit on him and call him "unworthy" for practicing his Christian faith. Sekeon testified that Muslims would disturb religious services in which he was participating, including throwing stones at the church, and that police intervention was unsuccessful. He also testified that there were riots in 1998 that destroyed parts of the country, but he conceded

---

[3]We review directly the IJ's decision because the BIA adopted the ruling of the IJ without further independent analysis. Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002).

that he was not directly affected by these incidents.

To be eligible for withholding of removal under Section 241(b)(3)(A) of the INA, 8 U.S.C. § 1231(b)(3)(A), the applicant must demonstrate that his "life or freedom would be threatened in [the country of removal] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." To qualify for relief under the CAT, the applicant must demonstrate that it is more likely than not that he would be tortured if removed. 8 C.F.R. § 208.16(c)(2). Claims for withholding of removal and relief under the CAT require a significantly higher burden of proof than a claim for asylum. See, e.g., Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir. 2004) ("An alien who fails to establish that he or she has a well-founded fear of persecution, so as to be eligible for a grant of asylum, necessarily will fail to establish the right to withholding of removal."); Wang v. Ashcroft, 368 F.3d 347, 349 (3d Cir. 2004) ("[T]he standard for invocation of the CAT is more stringent than the standard for granting asylum.").

After considering Sekeon's testimony, the IJ concluded that although Sekeon had "been honest and forthright in his presentation," he had not "presented any evidence that he would be persecuted if he is returned to his country for one of the five statutory grounds for a grant of relief." App. at 40.

The IJ relied on this court's decision in Lie v. Ashcroft, 396 F.3d 530 (3d Cir. 2005), in which we explained that persecution is limited to "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or

freedom." Id. at 536 (internal quotation marks and citation omitted). To establish a well-founded fear of persecution, an applicant must demonstrate through credible testimony that his fear is genuine and that, objectively, "a reasonable person in the alien's circumstances would fear persecution if returned to the country in question." Id. (internal quotation marks and citation omitted). The IJ concluded that Sekeon had failed to show: (1) a pattern or practice of past persecution; (2) that Indonesia persecutes Christians or is unwilling or unable to protect Christians from harm in Indonesia; and (3) that he would be tortured if he is returned to Indonesia.

Given our highly deferential standard of review, we see no reason to disturb the findings of the IJ, as they were "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Elias-Zacarias, 502 U.S. at 481 (quoting 8 U.S.C. § 1105(a)(4)), and we are not persuaded in this case that a "reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## IV.

We conclude that the IJ's decision that Sekeon did not suffer past persecution and would not be subject to torture upon return to Indonesia were supported by substantial evidence. Accordingly, we will deny his petition.